# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDY ARELLANO** | **CIVIL ACTION NO. 18-0781** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **BUREAU OF PRISONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Plaintiff Freddy Arellano is incarcerated at the United States Penitentiary in Pollock, Louisiana, and is proceeding pro se. He filed the instant Complaint on June 12, 2018, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He names the following Defendants: Bureau of Prisons, David Ebbert, Kevin Pigon, Megan Shaw, Andrew Edinger, and John Doe.

Plaintiff alleges that all Defendants work at the United States Penitentiary in Lewisburg, Pennsylvania. He claims that, in December of 2016, at the United States Penitentiary in Lewisburg, he was served food contaminated with salmonella, which caused him pain, suffering, fever, bloody diarrhea, and dizziness. He also claims that certain Defendants failed to provide adequate medical care. He seeks $20,000.00.

Venue in a *Bivens* action in which a plaintiff seeks monetary damages is governed by 28 U.S.C. § 1391(b),[1] which provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

---

[1] *Stafford v. Briggs*, 444 U.S. 527, 542–45 (1980).

the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Venue for this action is inappropriate in the Western District of Louisiana because, under Plaintiff's allegations, no Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this judicial district. Moreover, there is a judicial district in which this action may otherwise be brought: a substantial part of the alleged events or omissions giving rise to his claims allegedly occurred in Union County, Pennsylvania. Thus, venue is appropriate there. The Middle District of Pennsylvania embraces Union County. 28 U.S.C. § 118(b).

Accordingly, under 28 U.S.C. § 1406(a), **IT IS ORDERED** that the instant proceeding is **TRANSFERRED** to the United States District Court, Middle District of Pennsylvania.

In Chambers, Monroe, Louisiana, this 25th day of June, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE